UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES SANDERS** | * | CIVIL ACTION NO. |
| | * | |
| **VERSUS** | * | SECTION "    " |
| | * | |
| **RANDALL E. BRAY, ET. AL.** | * | JUDGE |
| | * | |
| | * | MAGISTRATE JUDGE |

**************************************

## NOTICE OF REMOVAL

    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1349, 1367 and 1441 and further based upon the grounds set forth in this Notice of Removal, Third-Party Defendant, National Railroad Passenger Corporation (Amtrak) hereby removes this action from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, where it might originally have been brought.  In support of Amtrak's removal of this action it respectively represents:

    1.    On May 25, 2012, original defendants and third-party plaintiffs, Randall Bray, Textron, Inc. d/b/a Textron Marine and Land and Liberty Mutual Insurance, filed third-party demand in the civil suit styled "James Sanders versus Randall E. Bray, et al.," No. 2012-11891, on the docket of Division "F" of 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, seeking unspecified monetary damages.

00136056

2. As suggested in paragraph I of the Third-Party Petition, plaintiffs in third-party demand named three extant legal entities: National Railroad Passenger Corporation ("Amtrak"), which is a corporate interstate common carrier by railroad chartered by Act of Congress, having more than fifty (50%) percent of its capital stock owned by the United States of America through the United States Department of Transportation, and with its principal business offices in the District of Columbia; The Alabama Great Southern Railroad, alleged by plaintiffs in third-party demand to be organized in the State of Alabama; and the City of Slidell, a political subdivision of the State of Louisiana.  As to all third-party defendants, third-party plaintiffs allege various acts of negligence that caused the accident of April 20, 2011.  *See* Exhibit A, Answer, Third-Party Petition and Request for Trial by Jury.

3. As of the date of filing of this notice of removal, the records of the Clerk of Court and St. Tammany Parish Sheriff do not indicate that any defendant in Third Party Demand has been served with citation and third-party petition.  Amtrak first became aware of the pendency of the Third-Party Petition on May 25, 2012, when it was apprised of the pending action by its undersigned counsel.

4. This Honorable Court has subject matter jurisdiction over the claims and demands asserted against Amtrak pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) by virtue of 28 U.S.C. § 1349, because Amtrak is federally chartered and because more than half of Amtrak's capital stock is owned by the United States of America.  Pursuant to 28 U.S.C. § 1367 (a), this Honorable Court has subject matter jurisdiction over the claims and demands plaintiff asserts against co-third-party

defendants, The Alabama Great Southern Railroad and City of Slidell, since those claims and demands are so related to the claims and demands that plaintiffs assert against Amtrak that they form part of the same case and controversy.

5. The time for removal of this action has not expired, since no third-party defendant was served with citation and petition more than thirty (30) days prior to the filing of this Notice of Removal.

6. Since the action is not being removed on diversity of citizenship grounds (28 U.S.C. § 1332), the citizenship of the parties and the amount in controversy in this action are irrelevant for removal purposes.

7. Pursuant to 28 U.S.C. §§ 1331, 1349, 1367 and 1441 *et seq.*, and without prejudice to any defenses it may have to plaintiffs' claims individually or on behalf of others, Amtrak lawfully and permissibly files this Notice of Removal without securing the consent of its co-third-party defendants because they have not been served with process at the time of this removal. *Cf Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 (5th Cir.1988).

8. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal with the Clerk of this Court, certified copies of this Notice of Removal (excluding the attached state court pleadings which constitute exhibits to it) will be filed with the Clerk of the 22nd Judicial District Court for Parish of St. Tammany, State of Louisiana, and will be served upon counsel for the Third-Party Plaintiffs and Plaintiff in the removed action.

9.     Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in this Court and the filing of same with the state court served immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

WHEREFORE, defendant, National Railroad Passenger Corporation (Amtrak), hereby removes proceeding no. 2012-11891 (F) from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to this Honorable Court, where it might originally have been brought, for further proceedings in accordance with law.

Respectfully submitted;

/s/ Stephen G.A. Myers
TIMOTHY F. DANIELS (LA #16878)
DOW MICHAEL EDWARDS (LA #26874)
STEPHEN G.A. MYERS (LSBA #29999)
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, 27th Floor
New Orleans, LA  70130
Telephone:  504-310-2100
Facsimile:  504-310-2101
Attorneys for Defendant,
National Railroad Passenger Corporation
(Amtrak)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing notice was served electronically on all counsel of record using the CM/ECF system this 29th day of May, 2012.

/s/ Stephen G.A. Myers
Stephen G.A. Myers